889 F.2d 1084
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Cindy Ann BRESNAHAN, Individually, and as sister and next
friend of Peter Edward Bresnahan and Melissa
Elaine Bresnahan, Plaintiff-Appellee,
v.
AMERICAN HOME ASSURANCE COMPANY, Defendant-Appellant.
 No. 89-2411.
 United States Court of Appeals, Fourth Circuit.
 Submitted Oct. 16, 1989.
Decided Nov. 8, 1989.
 
 Michael S. Levin, Dirska & Levin, on brief for appellant.
 Kenneth M. Berman, Ashcraft & Gerel, on brief for appellees.
 Before K.K. HALL, MURNAGHAN, and SPROUSE, Circuit Judges.
 PER CURIAM:
 
 
 1
 Summary judgment motions were filed by the children of Edward Bresnahan, Jr., parties to litigation against the American Home Assurance Company. The case, it was agreed by the parties, did not present any factual issue in dispute so the court considered the applicable law and awarded summary judgment in favor of the Bresnahans, denying American Home's opposing summary judgment motion.
 
 
 2
 American Home had issued a policy of insurance to Bresnahan's employer, Howard P. Foley, Inc., to provide for payment of "excess benefits" required by the collective bargaining agreement.
 
 
 3
 As the result of an injury on April 1, 1977, Bresnahan was found to have suffered a 40% permanent/partial disability. Bresnahan's death occurred on June 12, 1986.
 
 
 4
 Under the collective bargaining agreement in effect at the time of Bresnahan's injury and thereafter, American Home as the insurance company was compelled to meet excess work compensation benefits to the extent they exceeded benefits payable according to the law of the District of Columbia when injury occurred elsewhere than the District.
 
 
 5
 In 1984, the federal Longshore & Harbor Workers' Compensation Act was amended, eliminating survivors' benefits in cases such as the present one. After Bresnahan's death in 1986, the children brought suit to recover the excess benefits. American Home asserted that the 1984 amendment to the LHWCA, which was applicable under the collective bargaining agreement, eliminated survivors' benefits in a case such as the one provided here. However, in that 1984 amendment, Congress specifically provided that it would apply only "with respect to any death after the date of the enactment of this Act." From this American Home argues that the right to death benefits could not vest until after the date of enactment (September 28, 1984) (and consequently recovery was barred).
 
 
 6
 However, the question was as to when the right to death benefits arose, which was in 1977 when injury to Bresnahan occurred, well before the date of enactment of the amendment to the LHWCA. The date of Bresnahan's death did not control as to when rights to benefits arose. The children's interests in the right to death benefits emanating from Bresnahan arose upon his 1977 injury, well before the LHWCA amendment.
 
 
 7
 Consequently, the action of the district court will be affirmed, including the award of prejudgment interest. Since the briefs and record in the case presented it in a sufficient manner to reach decision, we have dispensed with oral argument. The judgment of the district court is
 
 
 8
 AFFIRMED.